HOWARD LEE GORRELL
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
Text number: 509-306-2098
Email: howardgorrell@aol.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **HOWARD LEE GORRELL** | ) |
| | ) |
| *Plaintiff* | ) **No.  4:16-CV-5115-SAB** |
| | ) |
| **v.** | ) |
| | ) **COMPLAINT** [1] |
| **WASHINGTON STATE REPUBLICAN PARTY** | ) |
| | ) |
| *Defendant* | ) **No Demand for** |
| | ) **Jury Trial** |
| | ) |

## INTRODUCTION

This is an action brought under 42 U.S.C. §1983, the First Amendment to

the United States Constitution. Plaintiff contends that Defendant's "established"

------------------------------------------------------------------------------------------

[1]    Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer and therefore, they are
construed liberally. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652
(1972); *Balistreri v. Pacific Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1988). He has an access to
the Lexis Nexis Academic legal research service and the Google Scholar, but not to the WestLaw
legal research service.

COMPLAINT – Page 1

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

**RECEIVED**

AUG 29 2016

CLERK, U.S. DISTRICT COURT
RICHLAND, WASHINGTON

policy, which automatically endorse all Republican incumbents for federal and state offices before the Primary, violates the First Amendment to the United States Constitution because the "established" policy treats voters unequally, and unreasonably burdens their First Amendment rights of free speech.

Plaintiff seeks a judgment under 42 U.S.C. § 1983, that the "established" policy is unconstitutional violation of Plaintiff's rights to freedom of speech under the First Amendment to the United States Constitution. Plaintiff also seeks preliminary and permanent injunctive relief in the form of an order enjoining Defendant from enforcing this "established" policy.

The *pro se* Plaintiff files it as of right under Rule 7, Fed. R. Civ. P.

## I. THE PARTIES

1.1    Plaintiff HOWARD LEE GORRELL ("Gorrell"), a citizen of the United States and of the State of Washington, is a resident and registered voter in the 4th Congressional District in Benton County, Washington. He has been completely deaf since birth. *Gorrell v. Comm'r of Soc. Sec.,* 449 Fed. Appx. 176, 177.  2011 U.S. App. LEXIS 21993, WL 5110229 (3rd. Cir. Pa. Oct. 28, 2011). ([Gorrell] was found to be disabled due to deafness).

COMPLAINT – Page 2

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

1.2.    Defendant WASHINGTON STATE REPUBLICIAN PARTY

("WSRP") is a "major political party" as defined in Wash. Rev. Code §

29A.04.086.

## II.    JURISDICTION & VENUE

2.1    This Honorable Court has original jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1343.

2.2    Venue is proper in the Eastern District of Washington pursuant to

28 U.S.C. § 1391.

2.3    Gorrell has resided in the County of Benton in the Eastern District of

Washington since October 1, 2014.

## III.    STATEMENT OF FACTS

3.1    On March 5, 2012 Gorrell moved to Yakima, Washington, from

Maryland, and started to work for a non-profit social services and community

advocacy services covering the Yakima Valley serving Deaf, Deaf-Blind, Hard of

Hearing, and Late Deafened individuals. On the following fall season, he got the

first voter confusion by finding out that the State of Washington holds all elections

entirely by mail. Wash. Rev. Code § 29A.48.010.

COMPLAINT – Page 3

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

3.2    Two years later (2014) the Fourth Congressional District ("4th Congressional District") of the State of Washington, covering the eight [8] counties of Adams, Benton, Douglas, Franklin, Grant, Okanogan, Walla Walla and Yakima, had the seat left open by the retirement of 10-term Republican Congressman Doc Hastings ("Hastings") for the congressional election year of 2014. Gorrell happens to live in the 4th Congressional District. Suddenly, twelve [12] candidates vie for 4th Congressional District seat.

3.3    While this congressional race was in process, Gorrell got the second voter confusion by finding out that the State of Washington is the first state in the country to establish a Top 2 Primary election system, rather than a party nominating system. Wash. Rev. Code § 29A.36.170. The Top 2 Primary narrows the number of candidates to two. The two candidates who receive the most votes in the Primary advance to the General Election, regardless of their party preference.

3.4    The result of the 2014 Primary Election on the 4th Congressional District caused that, for the first time in Washington state history, the winners of the top-two primary for a U.S. Congressional race were members of the same party. Clint Didier ("Didier") and Dan Newhouse ("Newhouse"), both Republicans, competed for the seat in the following November. Didier got 33,965

COMPLAINT – Page 4

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

votes (31.81%) while Newhouse received 27,326 votes (25.59%)

3.5     On November 4, 2014, the General Election Result on such race showed that Newhouse won over Didier by 2,465 votes (01.62%).

3.6     Two years later on August 19, 2016, the result of the 2016 Primary Election produced a rerun of the 2014 all-Republican contest in the 4th Congressional District, pitting freshman Congressman Newhouse and a former 2014 candidate named Didier.

3.7     One month earlier on July 23, 2016, Gorrell got another voter confusion by looking at the Facebook page called "Dan Newhouse for Congress". The July 23rd thread shows several photos of Newhouse doorbelling, and its caption reads, "It was a beautiful morning in Yakima for doorbelling! Thanks to the Washington State Republican Party and the Yakima County Republican Central Committee for helping organize today's "Super Saturday" get-out-the-vote efforts!" As an independent Republican voter, Gorrell argues that both organizations, Washington State Republican Party and the Yakima County Republican Central Committee, should be neutral toward all Republican candidates during the primary election progress.

3.8     On the Primary Election Day of August 2, 2016, Gorrell received

COMPLAINT – Page 5

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

another voter confusion by being informed that the WSRP has an "established" policy of excluding any Republican candidate from the WSRP website who is challenging an incumbent Republican seat in the General Election, regardless of the voting record or popularity. Immediately, Gorrell checked that website and found no name of Didier.

3.9     One week later on August 10, 2016, Gorrell was informed that the event for that date was the "Grand Old Picnic" hosted by the Yakima County Republicans. It was open to the general public so the audience could be able to hear from Republican candidates of all races. Gorrell got another voter confusion by finding out that the above-mentioned WSRP policy prevented the county party officials from inviting the other Republican congressional candidate named Didier because the latter has challenged an incumbent.

3.10    On Tuesday, August 16, 2016 at 6:14 pm, Gorrell emailed to the Headquarters of the Washington State Republican Party and told them that he noticed that Didier is not listed on the Candidates' List on its website so he asked them why Didier is not listed.

3.11    Suddenly, the Headquarters emailed back in nine [9] minute later (6:23pm) and explained:

COMPLAINT – Page 6

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

In accordance with our established policy, the WSRP is favorable to the re-election of our state's Republican elected officials, including Congressman Dan Newhouse.

3.12   Seven minutes later (6:30 pm) Gorrell, being confused, wrote back "I can't find this established policy in your website or other source. If you mind, you could kindly send me the full description of this policy."

3.13   Three days later on August 19, 2016 Gorrell emailed to the WSRP Headquarters, "Last night I found your Committee By-Laws, but the "established" Policy is not mentioned in the By-Laws"

3.14   As of this filing, Gorrell has not yet received a full description of this established policy. He is frustrated by not seeing this "established" policy.

3.15   Admitting that there is an evidence of actually voter confusion, Gorrell is filing his complaint with this Honorable Court under Rule 7, Fed. R. Civ. P..

## IV.   COUNT I – FIRST AMENDMENT VIOLATION

4.1   The United States Supreme Court has stated "The First Amendment does not give political parties a right to have their nominees designated as such on the ballot." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 453 n.7 (2008), (citing *Timmons v. Twin Cities Areas New Party*, 520 U.S. 351, 362-63 (1997).

COMPLAINT – Page 7

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

4.2     From the 1935 until 2003, the state of Washington used a blanket primary to choose nominees for federal, state and local offices. The Washington State legislature then passed the People's Choice Initiative ("I-872") in 2004 as a replacement. Under the new system, a primary ballot lists each candidate's name with his "self-designated party preference or independent status," in order to "provid[e] voters with a modicum of relevant information." I-872 was promptly challenged by the Washington State Republican Party on the grounds that it violated the party's freedom of association. The Western Federal District Court of Washington and the Circuit Court of Appeals both affirmed this challenge. The Supreme Court granted certiorari, however, and reversed prior rulings, upholding I-872.

4.3     After the U.S. Supreme Court's ruling in March 2008, I-872 created a Top 2 Primary and used for the first time in the 2008 primary.  It has been in effect for all partisan elections since 2008.

4.4     As of this filing, Gorrell has not yet obtained the full description of the WSRP policy so he uses the Section 5.11(2)(c) of the Benton County Republican Central Committee Bylaws as amended on November 2012, which is likely patterned after the WSRP policy, for this argument. It states:

COMPLAINT – Page 8

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

> If there are two Republicans in the Top Two General Election running against each other, and one of them is an Incumbent that was endorsed by the Central Committee before the Primary, then it shall be the position of the Central Committee that its elected 'Officers' shall support the Incumbent.

4.5     Gorrell argues that Wash. Rev. Code Ann. § 29A.36.170, as amended by 2013 Wash. Legis. Serv. Ch. 143 (titled "Top two candidates qualified for general election") *does not require* a political party as defined in Wash. Rev. Code § 29A.04.086 to *automatically endorse* an incumbent candidate before the Primary. (exclaiming).

4.6     Gorrell reminds this Court that the Supreme Court ruled the political parties do not have a constitutional right to have their nominees distinguished on the ballot.  The Supreme Court said:

> It is true that parties may no longer indicate their nominees on the ballot, but that is unexceptionable:  The First Amendment does not give political parties a right to have their nominees designated as such on the ballot. See *Timmons* at 362-363. … Parties do not gain such a right simply because the State affords candidates the opportunity to indicate their party preference on the ballot. "Ballots serve primarily to elect candidates, not as forums for political expression." *Id.*, at 363

4.7     Gorrell points that the First Amendment protects citizens' right "to band together in promoting among the electorate candidates who espouse their political views." *California Democratic Party v. Jones*, 530 U.S. 567, 574.

COMPLAINT – Page 9

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

4.8    Gorrell reminds this Court that he quotes the below from "Top 2 Primary: FQAs for Candidates" established by the Secretary of State of the Washington State: [2]

**Can political parties still nominate candidates?**

> Yes. State law no longer dictates how political parties conduct their nominations. Now, the state and local parties decide how to conduct their nominations. The rules for party-run nominations vary party to party, and even between the state and local parties. Political parties can nominate multiple candidates for the same race. The Supreme Court stated:

> > "Whether parties nominate their own candidates outside the state-run primary is simply irrelevant. In fact, parties may now nominate candidates by **whatever mechanism** they choose because I-872 repealed Washington's prior regulations governing party nominations." (exclaiming)

4.9    This complaint is focusing on the state party (WSRP) only, not county parties.

4.10    Gorrell wonders if the WSRP might take an advantage of using "whatever mechanism" for endorsing all incumbent candidates before the Primary. He totally disagrees.

------------------------------------------------------------------------------------

[2]    https://www.sos.wa.gov/elections/faqcandidates.aspx (last visited on August 28, 2016)

COMPLAINT – Page 10

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

4.11    To see if Newhouse is qualified as a Republican candidate, Gorrell [3]

proves that the majority of Republican voters in the 4th Congressional District

prefer Didier to Newhouse. Here is the 2014 Primary Election Results: [4]

| County | Didier | PCT | Newhouse | PCT | Dem. | PCT | Others | PCT |
|---|---|---|---|---|---|---|---|---|
| Adams | 1,081 | 48.58% | 397 | 17.84% | 249 | 11.19% | 498 | 22.38% |
| Benton | 12,677 | 35.03% | 7,834 | 21.65% | 6,623 | 18.30% | 9,052 | 20.01% |
| Douglas | 1,565 | 43.45% | 495 | 13.74% | 614 | 17.04% | 928 | 25.76% |
| Franklin | 4,387 | 44.02% | 1,919 | 19.25% | 1,529 | 15.34% | 2,132 | 21.39% |
| Grant | 4,461 | 32.28% | 1,653 | 11.96% | 1,678 | 12.14% | 6,027 | 43.61% |
| Okanogan | 2,559 | 38.73% | 1,224 | 18.52% | 1,699 | 25.71% | 1,126 | 17.04% |
| Walla Walla | 619 | 56.58% | 224 | 20.48% | 93 | 8.50% | 158 | 14.44% |
| Yakima | 6,616 | 19.88% | 13,580 | 40.81% | 7,321 | 22.00% | 5,762 | 17.31% |
| Total | 33,965 | 31.81% | 27,326 | 25.59% | 19,806 | 18.55% | 25,683 | 24.05% |

It is crystal clear that Didier led over Newhouse by 6.22%. However, without

Newhouse's home county of Yakima, Didier's leading was whooping to 18.51%

| County | Didier | PCT | Newhouse | PCT | Dem. | PCT | Others | PCT |
|---|---|---|---|---|---|---|---|---|
| Adams | 1,081 | 48.58% | 397 | 17.84% | 249 | 11.19% | 498 | 22.38% |
| Benton | 12,677 | 35.03% | 7,834 | 21.65% | 6,623 | 18.30% | 9,052 | 20.01% |
| Douglas | 1,565 | 43.45% | 495 | 13.74% | 614 | 17.04% | 928 | 25.76% |
| Franklin | 4,387 | 44.02% | 1,919 | 19.25% | 1,529 | 15.34% | 2,132 | 21.39% |
| Grant | 4,461 | 32.28% | 1,653 | 11.96% | 1,678 | 12.14% | 6,027 | 43.61% |
| Okanogan | 2,559 | 38.73% | 1,224 | 18.52% | 1,699 | 25.71% | 1,126 | 17.04% |
| Walla Walla | 619 | 56.58% | 224 | 20.48% | 93 | 8.50% | 158 | 14.44% |
| Total | 27349 | 37.21% | 13746 | 18.70% | 12485 | 16.99% | 19921 | 27.10% |

--------------------------------------------------------------------------------

[3]    Gorrell worked for the National Republican Congressional Committee (1970-1975),
       Republican National Committee (1975-77) and (1984-86) in Washington DC. *See* "Man
       carries anti-gerrymandering campaign to all redistricting hearings", Sept. 16, 2011.
       MarylandReporter.com at http://bit.ly/2c3TXJ5 (last visited on August 28, 2016).

COMPLAINT – Page 11

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

4.12.  Gorrell asks this Court to review the 2014 General Election Results charts.

| County | Didier | | | | Newhouse | | | |
|---|---|---|---|---|---|---|---|---|
| | Primary | PCT | General | PCT | Primary | PCT | General | PCT |
| Adams | 1,081 | 48.58% | 1,908 | 58.83% | 397 | 17.84% | 1,336 | 41.18% |
| Benton | 12,677 | 35.03% | 24,955 | 49.18% | 7,834 | 21.65% | 25,788 | 50.82% |
| Douglas | 1,565 | 43.45% | 3,121 | 55.60% | 495 | 13.74% | 2,492 | 44.40% |
| Franklin | 4,387 | 44.02% | 7,942 | 54.76% | 1,919 | 19.25% | 6,561 | 45.24% |
| Grant | 4,461 | 32.28% | 11,923 | 61.80% | 1,653 | 11.96% | 7,370 | 38.20% |
| Okanogan | 2,559 | 38.73% | 5,604 | 52.07% | 1,224 | 18.52% | 5,159 | 52.07% |
| Walla Walla | 619 | 56.58% | 968 | 61.42% | 224 | 20.48% | 608 | 38.58% |
| Yakima | 6,616 | 19.88% | 18,886 | 39.89% | 13,580 | 40.81% | 28,458 | 60.11% |
| Total | 33,965 | 31.81% | 75,307 | 49.19% | 27,326 | 25.59% | 77,772 | 50.81% |

The winner was Newhouse by 1.62%.  However, without Newhouse's home county of Yakima, Didier could win by 6.71% (see the below chart).

| County | Didier | | | | Newhouse | | | |
|---|---|---|---|---|---|---|---|---|
| | Primary | PCT | General | PCT | Primary | PCT | General | PCT |
| Adams | 1,081 | 48.58% | 1,908 | 58.83% | 397 | 17.84% | 1,336 | 41.18% |
| Benton | 12,677 | 35.03% | 24,955 | 49.18% | 7,834 | 21.65% | 25,788 | 50.82% |
| Douglas | 1,565 | 43.45% | 3,121 | 55.60% | 495 | 13.74% | 2,492 | 44.40% |
| Franklin | 4,387 | 44.02% | 7,942 | 54.76% | 1,919 | 19.25% | 6,561 | 45.24% |
| Grant | 4,461 | 32.28% | 11,923 | 61.80% | 1,653 | 11.96% | 7,370 | 38.20% |
| Okanogan | 2,559 | 38.73% | 5,604 | 52.07% | 1,224 | 18.52% | 5,159 | 52.07% |
| Walla Walla | 619 | 56.58% | 968 | 61.42% | 224 | 20.48% | 608 | 38.58% |
| Total | --- | --- | 56,421 | 53.36% | --- | --- | 49,314 | 46.64% |

---

[4]  http://results.vote.wa.gov/results/20140805/CongressionalDistrict4.html (last visited on August 28, 2016).
Two [2] Democrats are Estakio Beltran and Tony Sandoval.
Eight [8] Other Candidates are George Cicotte(R), Janéa Holmquist(R), Kevin Midbust(R), Gordon Allen Pross(R), Josh Ramirez(I), Gavin Seim(R), Glen R. Stockwell(R), Richard Wright(I).

COMPLAINT – Page 12

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

4.13   Gorrell points that, in that race, Newhouse was politically rather center oriented so that was why the majority of Democratic voters voted for Newhouse.  This action had confused Republican voters.

4.14   Therefore, Gorrell strongly feels that the WSRP should review the updated popularity of all Republican candidates in any Top 2 election race before endorsing one for the General Election (not before the Primary).

4.15   Gorrell definitely persuades that the WSRP should review the voting record or "platform" by each Republican candidate in any Top 2 before endorsing one for the General Election. For example, Gorrell proves that Newhouse is less conservative than his predecessor, Hasting.

| Scorecard | Newhouse (2014-16) | Hastings (2012-14) |
|---|---|---|
| American Conservative Union | 75% | 92% |
| Club For Growth | 58% | 68% |
| Conservative Review | 36% | 52% |
| Family Research Council | 75% | 88% |
| U.S. Chamber of Commerce | 90% | 94% |

The pre-primary endorsement was likely to cause another voter confusion for the majority of Republican voters because Newhouse is much less conservative.

4.16   Gorrell also reminds that the Secretary of State states that "Political

COMPLAINT – Page 13

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
howardgorrell@aol.com

parties can nominate multiple candidates for the same race" *See* Section 4.8. The

"established" policy could make the WSRP becoming undemocratic.

4.17    Therefore, Gorrell believes that too many of the party's endorsements

are based on personal relations and politicking rather than on the personal

qualifications and progressive ideology of the actual candidates.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Gorrell respectfully prays that this Honorable Court enter

an Order that:

5.1    Assume jurisdiction over this case;

5.2    Enter judgment against Defendant and in favor of Plaintiff for a
violation of the "established" policy alleged in this Complaint;

5.3    Enter a permanent injunction to prevent future violations by
Defendant; and

5.4    Any other relief as this Honorable Court deems just and proper.

DATED this 29th of August, 2016

Respectfully Submitted,

Howard Lee Gorrell
*Pro Se* Plaintiff
5207 W Hildebrand Blvd. #221
Kennewick, WA 99338
Text number: 509-306-2098
Email: howardgorrell@aol.com

COMPLAINT – Page 14